This Decision is a
Precedent of the TTAB

**UNITED STATES PATENT AND TRADEMARK OFFICE**
**Trademark Trial and Appeal Board**
**P.O. Box 1451**
**Alexandria, VA  22313-1451**

RK

Mailed:  May 24, 2013

Cancellation No. **92055645**

Christiane E, LLC

v.

International Expeditions,
Inc.

**Before Mermelstein, Ritchie and Wolfson,**
**Administrative Trademark Judges**

**By the Board:**

This matter comes up on respondent's motion (filed October 22, 2012) to withdraw an earlier-filed surrender of its registration.[1]  The motion is contested.

A petition seeking cancellation of Registration No. 855,720 on the ground of abandonment was filed on May 22, 2012.  The Board issued an institution order on May 23, 2012, wherein respondent's time to answer was set for July 2, 2012.  However, rather than file an answer, on June 29, 2012, respondent, through counsel, filed a voluntary

---

[1]   Respondent's revocation and substitution of counsel (filed October 22, 2012) is noted and the record herein has been accordingly updated.

surrender of its registration without petitioner's consent pursuant to Trademark Rule 2.134(a).[2]

On October 22, 2012, and prior to any action taken on the surrender, respondent, through new counsel, filed a motion to withdraw the earlier-filed surrender, arguing that at the time of surrender, it did not know that petitioner was "formed by a founder of one of the Registrant's predecessors" and that petitioner "has hired at least one of the Registrant's employees." *Request to Withdraw Voluntary Surrender*, p. 1. Respondent later filed a motion for leave to file a late answer. Petitioner opposes the request to withdraw the surrender on the ground that pursuant to the "unequivocal and mandatory" language of Trademark Rule 2.134, "once a voluntary surrender is filed, and if the petitioner's consent is not of record, the Board <u>shall</u> enter judgment against the registrant." *Petitioner's Response*, pp. 1-2 (emphasis in original).

<u>Discussion & Decision</u>

While the Board has not had occasion to decide whether to allow a party, during an *inter partes* proceeding, to withdraw a voluntary surrender of its registration prior to

---

[2] Trademark Rule 2.134(a) reads as follows:

After the commencement of a cancellation proceeding, if the respondent applies for cancellation of the involved registration under section 7(e) of the Act of 1946 without the written consent of every adverse party to the proceeding, judgment shall be entered against the respondent. The written consent of an

any official action taken on the surrender, an analogous situation was presented in *In re Glaxo Group Ltd.*, 33 USPQ2d 1535 (Comm'r 1993), and proves instructive here.

In *Glaxo*, the applicant directed its counsel to abandon its application during *ex parte* examination. Several weeks later, the applicant decided to reverse course and directed counsel, via correspondence, to maintain the application. This change in instructions, however, did not come to counsel's attention until after counsel had executed and filed an express abandonment of the application. On petition to the Commissioner's Office, the applicant sought to withdraw its previously filed abandonment. The Commissioner's Office denied the petition, noting that such a withdrawal would be allowed "only in an extraordinary situation" in view of "the interests of third parties and the administrative requirements of the Office" and determined that "[n]either the applicant's reevaluation of the importance of the mark, nor the fact that the petition was filed before the Office had formally processed the express abandonment is deemed to be an extraordinary situation." *Id*.

While we recognize that *Glaxo* involved the abandonment of an application rather than the surrender of a registration, we find the underlying considerations that

---

adverse party may be signed by the adverse party or by the

informed the decision in *Glaxo* to be equally applicable to the circumstances of this proceeding.

As in *Glaxo*, respondent relinquished an interest (here, its registration) and that relinquishment was made expressly and voluntarily. The relinquishment, when filed, became part of the public record and therefore available for inspection by members of the public and by employees of the Office,[3] some of whom may have relied to their detriment on the filing. Moreover, and in addition to the interests of the public and the USPTO, the voluntary surrender of respondent's registration during this *inter partes* proceeding directly implicates the concrete rights of petitioner. As such, we see no reason to apply a less stringent standard than that of *Glaxo*, and respondent has not suggested an alternative.[4]

As the basis for its motion to withdraw, respondent simply claims that "it did not know that Petitioner was …

---

adverse party's attorney or other authorized representative.

[3]  See Trademark Rule 2.27(d).

[4]  Although not precedential, we are aware of at least one case in which a registrant requested the withdrawal of an earlier-filed voluntary surrender of its registration. *See, e.g., In re Platypus Wear, Inc.*, Registration No. 2971097 (Comm'r 2007) (non-precedential) ("There is no provision in the Trademark Act or the Rules of Practice in Trademark cases allowing registrants to nullify or reverse a voluntarily submitted application to surrender for cancellation a registration filed pursuant to 15 U.S.C. § 1057(e) and 37 C.F.R. § 2.172. Such a request to forbear action … would likely [] be granted … only in an extraordinary situation, given the risk of prejudice to the rights of third parties.") (*citing In re Glaxo Group Ltd.*, 33 USPQ2d 1535).

formed by a founder of one of the Registrant's predecessors [and that] Petitioner has hired at least one of the Registrant's employees." *Request to Withdraw Voluntary Surrender*, p. 1. How this information is relevant to this proceeding and why it should justify relieving respondent of its decision to surrender its registration are neither apparent nor explained by respondent. We also point out that there is no evidence supporting this statement, and mere attorney statements in briefs or motions are not evidence. *See, e.g.*, *Galen Med. Assocs., Inc. v. U.S.*, 369 F.3d 1324, 1339 (Fed. Cir. 2004); *Peeler v. Miller*, 535 F.2d 647, 190 USPQ 117, 123 (CCPA 1976). Thus, on this record, we do not find respondent's situation to be so extraordinary as to warrant a withdrawal of respondent's surrender of its registration. Accordingly, respondent's motion is hereby **DENIED.**

Because petitioner's written consent to the voluntary surrender is not of record, judgment is hereby entered against respondent, the petition to cancel is granted, and Registration No. 855,720 will be cancelled in due course.[5]

* * *

---

[5] In view thereof, respondent's motion and amended motion to file a late answer are moot and will be given no further consideration.

5